**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter W Goodman, | No. CV-22-01005-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| International Association of Heat & Frost Insulators & Allied Workers, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's *ex parte* Motion for Immediate Relief, Temporary Stay or Injunction (Doc. 2). The Court denies the Motion without prejudice.

Rule 65 authorizes courts to issue temporary restraining orders and preliminary injunctions, and the legal standards for issuing both kinds of orders are the same. *See* Fed. R. Civ. P. 65; *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Ariz. Recovery Hous. Ass'n v. Ariz. Dep't of Health Scis.*, 462 F. Supp. 3d 990, 996 (D. Ariz. 2020). However, the two forms of relief serve different purposes: "The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered, while the purpose of a [TRO] is to preserve the status quo before a preliminary injunction hearing may be held." *Ariz. Recovery Hous.*, 462 F. Supp. 3d at 996 (quoting *Johnson v. Macy*, No. CV 15-7165 FMO (ASx), 2015 WL 9692930, at *3 (C.D. Cal. Oct. 23, 2015)). A TRO cannot be issued without notice unless "specific facts in an affidavit or a verified complaint clearly show

that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Preliminary relief "is an extraordinary remedy never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To prevail, the moving party bears the burden of showing that they are (1) "likely to succeed on the merits," (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [their] favor," and (4) "that an injunction is in the public interest." *Id.* at 20. If the moving party fails to demonstrate a likelihood of success on the merits but nevertheless shows "serious questions going to the merits were raised and the balance of hardships tips sharply in [their] favor," courts in the Ninth Circuit may issue preliminary relief provided "the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

**IT IS HEREBY ORDERED** that Plaintiff's *ex parte* Motion for Immediate Relief, Temporary Stay or Injunction (Doc. 2), is **DENIED** without prejudice. The Court will not consider the request for a temporary restraining order until Plaintiff complies with Fed. R. Civ. P. 65(b) and presents specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition until all defendants are served notice and have an opportunity to respond.

Dated this 10th day of June, 2022.

_____
G. Murray Snow
Chief United States District Judge