**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Peter W. Goodman,

Plaintiff,

v.

International Association of Heat & Frost Insulators & Allied Workers, et al.,

Defendants.

No. CV-22-01005-PHX-GMS

**ORDER**

Pending before this Court are Defendant Heat and Frost Insulators Local 16's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 15), Defendants International Association of Heat and Frost Insulators and Allied Workers' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process (Doc. 16) and Heat and Frost Insulators Local 18's Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process (Doc. 17). For the following reasons, the motions are granted.

**BACKGROUND**

On June 10, 2022, Plaintiff Peter Goodman—representing himself—filed his Complaint against Defendants Heat and Frost Insulators Local 16 San Francisco ("Local 16"), International Association of Heat and Frost Insulators and Allied Workers ("International Association"), and Heat and Frost Insulators Local 18 Indianapolis ("Local 18"). This Court issued an order extending Plaintiff's time to properly serve Defendants after receiving notice that Plaintiff improperly served Defendants himself, which is

insufficient service under Fed. R. Civ. P. 4(c)(2). (Doc. 11). This Court later issued a second extension, warning Plaintiff no additional extensions would be provided. (Doc. 13 at 3). During the extended time period, Plaintiff filed a notice showing his original personal service as well as an attempt at service through USPS Priority Mail, which does not require recipient signatures. (Doc. 14).

This matter surrounds Plaintiff's allegations of some form of mistreatment by each of the three defendants. (Doc. 1 at 2–5). Each Defendant is a trade union. (Doc. 15 at 3; Doc. 16 at 2; Doc. 17 at 3). Local 16, which represents parts of California and Nevada, and Local 18, which represents parts of Indiana and Illinois, are both affiliates of International Association. (Doc. 15 at 3; Doc. 16 at 2; Doc. 17 at 3). Plaintiff's Complaint rises out of two "union trials" conducted by Defendant International Association and brought against Plaintiff by Defendants Local 16 and 18. (Doc. 1 at 2). Plaintiff also alleges a third "violation" by Defendants regarding an Americans with Disabilities Act involving his son. (*Id.*) According to Defendants' declarations,[1] these union trials were the result of charges brought by the local chapters against Plaintiff because Plaintiff allegedly violated the union policies while working on job sites. (Doc. 15-1 at 5–8; Doc. 17-1 at 7–9). The International Association conducted a hearing in Detroit, Michigan, after which it found Plaintiff guilty and notified him by mail in Arizona. (Doc. 16-1 at 4). All three Defendants are headquartered outside of Arizona. (Doc. 15-1 at 1 (California); Doc. 16-1 at 2 (Maryland); Doc. 17-1 at 1 (Indiana)). Defendant International Association employs a single Arizona resident as an organizer and there is no indication that organizer is involved in this matter. (Doc. 16-1 at 3)

Defendants each moved for to dismiss for lack of personal jurisdiction and insufficient service of process. (Doc. 15; Doc. 16; Doc. 17).

---

[1] This Court may consider declarations by Defendants when deciding Rule 12(b)2 or 12(b)(5) motions to dismiss. *Lauck v. County of Campbell*, No. CV-21-08036-PCT-MTL, 2021 WL 2780868, at *1, n. 2 (D. Ariz. July 2, 2021) (citing *MTS Logisitcs, Inc. v. Innovative Commodities Grp. LLC*, 442 F.Supp.3d 738, 742 (S.D.N.Y. 2020)) (Rule 12(b)(2)); *Kline Enters., Inc. v. Swenson*, No. 1:11-CV-535-BLW, 2013 WL 1224452, at *1 (D. Id. Mar. 25, 2013) ("[Defendant] is entitled to support his Rule 12(b)(5) motion with evidence outside the pleadings.") (12(b)(5)).

## DISCUSSION

Each Defendant motions to dismiss Plaintiff's complaint on two separate grounds: lack of personal jurisdiction and insufficient service of process. For the reasons below, a motion to dismiss is warranted as to each defendant under either justification. Accordingly, Defendants' Motions to Dismiss are granted.

### I. Analysis

#### A. Service of Process

A defendant is entitled to a dismissal of a plaintiff's claims if the plaintiff's service of process was insufficient. Fed. R. Civ. P. 12(b)(5). Service of process is required in order that a party have "actual notice of the proceedings against him, and that he is answerable to the claim of the plaintiff." *Scott v. G.A.C. Fin. Corp.*, 107 Ariz. 304, 305, 486 P.2d 786, 787 (Ariz. 1971). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 687 (9th Cir. 1988). Rule 4 of the Federal Rules of Civil Procedure does not allow service by mail to non-governmental domestic defendants. Fed. R. Civ. P. 4(f), (i). The Federal Rules of Civil Procedure also allows forms of service accepted by the states in which the district court sits or where service is made. Fed. R. Civ. P. 4(h). Neither Indiana, California, Maryland, nor Arizona allow service by non-signature-required mail. Ind. R. Trial Pro. Ind. R. Trial P. 4.6(B), 4.1(A)(1) (requiring service by mail to use "registered or certified mail . . . by which a written acknowledgment of receipt may be requested . . . ."); Cal. Code. Civ. P. § 415.30 (allowing service by mail but requiring an acknowledgment to be included and returned to sender); Md. R. §§ 2-121, 3-121 (requiring certified mail for service by mail); Ariz. R. Civ. P. 4.2(c) (stating service by mail must require a signature).

Plaintiff has not properly served Defendants. After attempting to serve Defendants personally, this Court twice warned Plaintiff that he had responsibility to properly serve Defendants. (Doc. 10; Doc. 13). Plaintiff then attempted service through USPS Priority Mail. (Doc. 14). Priority mail does not require a signature by the recipient and, as such,

does not qualify as proper service under the federal rules or any of the rules of the states involved in this matter. As such, none of the defendants have been properly served.

Accordingly, Defendants' Motions to Dismiss under Rule 12(b)(5) are granted.

**B. Personal Jurisdiction**

"Due process requires that nonresident defendants have certain minimum contacts with the forum state, so that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Doe*, 112 F.3d at 1050 (citing *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)). There are two types of personal jurisdiction—general and specific. *See Daimler AG v. Bauman*, 571 U.S 117, 126–27 (2014).

General jurisdiction applies to a given defendant when its connections to the forum state are so "'continuous and systematic' as to render them essentially at home in the forum state." *Id.* at 127 (citations omitted). With these connections, the forum court can adjudicate and civil matter involving that defendant, regardless of where it occurred. *Id.* Such connections are not present in this case. Defendants are not headquartered in Arizona and conduct almost none, if any, business in the state. (Doc. 15-1 at 1–2; Doc. 16-1 at 1-2; Doc. 17-1 at 1).

Specific personal jurisdiction requires "minimum contacts" between the defendant and the forum state, meaning "the defendant's suit-related conduct must create a substantial connection with the forum state." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) ("[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State."). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285–86. As such, a defendant's knowledge that a plaintiff resides in a particular state is not sufficient on its own to sustain personal jurisdiction in that state. *See id.* at 288–89.

Plaintiff does not allege any facts that could give rise to specific jurisdiction over defendants. Plaintiff's only mention of Arizona is that Plaintiff resides here. (Doc. 18 at 2). Defendants add that Plaintiff received notice of Union's decision at his Arizona residence. (*See, e.g.*, Doc. 15 at 2). Neither of these facts are sufficient to establish specific jurisdiction over defendants. Indeed, the only connection between Arizona and this action

is Plaintiff's residence.

Because Plaintiff has not alleged any facts that could sustain personal jurisdiction over Defendants, Defendants' Motions to Dismiss under Rule 12(b)(2) are granted.

**C. Remaining Defendants**

There are two remaining defendants, Local 82 Heat and Frost Insulators Spokane ("Local 82") and Performance Contracting Incorporated ("PCI"), who have not entered an appearance before this Court. Based on submissions by the Plaintiff (Doc. 14 at 9–12, 31-32, 35–36), Plaintiff's service of process attempts suffer from the same deficiencies as above—i.e., he served Defendants personally and through regular mail without signature. Washington service of process rules also do not allow service by non-signed mail. Wash. R. Super. Ct. 4, Wash. Rev. Code §§ 4.28.080, 23.95.450. As such, this matter is also dismissed as to Defendants Local 82 and PCI for insufficient service of process.

**CONCLUSION**

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Heat and Frost Insulators Local 16's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that International Association of Heat and Frost Insulators and Allied Workers' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Heat and Frost Insulators Local 18's Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this Plaintiff's Complaint (Doc. 1) as against Defendants Local 82 Heat and Frost Insulators Spokane and Performance Contracting Incorporated are dismissed for lack of service of process.

/ / /

/ / /

**IT IS FINALLY ORDERED** directing the Clerk of Court to terminate this case without prejudice.

Dated this 30th day of September, 2023.

G. Murray Snow
Chief United States District Judge